**\*E-FILED 6/28/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA SAEEDI,<br><br>    Plaintiff,<br>v.<br><br>M.R.S. ASSOCIATES, INC,<br><br>    Defendant. | NO. C 07-01584 (RS)<br><br>**ORDER DENYING MOTION TO STRIKE OR FOR MORE DEFINITIVE STATEMENT** |

In this action under the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692, *et seq.*, defendant M.R.S. Associates, Inc. has averred as an affirmative defense that its alleged acts and omissions were the result of an "innocent mistake or bona fide error." See 15 U.S.C. § 1692k(c) (limiting recoverable damages if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). Plaintiff Victoria Saeedi moves under Rule 12 (e) and (f) of the Federal Rules of Civil Procedure ("FRCP") to strike that affirmative defense or for a more definite statement on the grounds that M.R.S. purportedly has failed to plead in sufficient detail the "facts" underlying its claim of "mistake." Saeedi contends that because FRCP 9 requires averments of "fraud or mistake" to be stated with "particularity," she is entitled to challenge the adequacy of defendant's defense at the pleading stage. The Court finds this matter suitable for disposition without oral argument, pursuant to Local Rule 7-1 (b).

The requirement of Rule 9 to state fraud with particularity protects a defendant (or cross-

defendant) from "fishing expeditions" based on conclusory allegations of fraud (or mistake). As Saeedi notes, the goal is "to discourage the filing of complaints with vague conclusions 'as a pretext for discovery of unknown wrongs.'"  Motion at 3:8-9, citing *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989).  Saeedi asserts that ,"[t]his reasoning applies with equal weight to Defendant's conclusory affirmative defense." Motion at 3:9-10.  Not so. A party hauled into court arguably should not be exposed to discovery based on the *opposing party's* unsubstantiated allegations that the party engaged in fraud or committed a mistake.  Here, in contrast, M.R.S. is *not* alleging that Saeedi committed a fraud or was mistaken, but that *M.R.S.* may have acted (or failed to act) through a good faith error. M.R.S. is not using vague or conclusory allegations as a license to conduct discovery into Saeedi's affairs, rather M.R.S. has only exposed itself to further inquiry into what constituted the alleged "bona fide error."  No rule or policy weighs against requiring Saeedi to use the discovery process to explore what, if any, factual and evidentiary basis M.R.S. may have to support that averment.

Saeedi reasonably could bring a motion to compel in the event responses by M.R.S to such discovery prove to be deficient, or perhaps a motion for summary judgment in the event discovery reveals that no facts exist to support the defense, but attempting to dispose of it at the pleading stage serves no salutary purpose, particularly when Saeedi acknowledges that leave to amend would be required in any event.  The pleading is more than sufficient to give Saeedi fair notice of the defense and does not give rise to the potential prejudice that FRCP 9 is designed to prevent.  Accordingly, the motion is denied.

IT IS SO ORDERED.

Dated: June 28, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO STRIKE AND FOR MORE DEFINITIVE STATEMENT
C 07-01584 (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Abraham Joshua Colman     acolman@reedsmith.com, fyu@reedsmith.com, vlam@reedsmith.com

Scott H. Jacobs     shjacobs@reedsmith.com, dmartin@reedsmith.com

Christopher Orlando Rivas     crivas@reedsmith.com

Frederick William Schwinn     cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com, fschwinn@gmail.com

Jordan Seungjin Yu     jsyu@reedsmith.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/28/07**                                              **Chambers of Judge Richard Seeborg**

**By:       /s/ BAK**

ORDER DENYING MOTION TO STRIKE AND FOR MORE DEFINITIVE STATEMENT
C 07-01584 (RS)

3